WILLIAMSON, J.,
This matter comes before us on preliminary objections to the plaintiff’s complaint filed by Hartford Insurance Company of the Southeast (hereafter “defendant”) on September 29,2014. Beatrice Cahill (hereafter “plaintiff’) filed an Answer to the defendant’s preliminary objections to the plaintiff’s complaint on October 14, 2014. Plaintiff then filed a brief in opposition to preliminary objections of defendant on December 15, 2014.
*27 BACKGROUND
This matter arises from a motor vehicle accident which occurred on June 6, 2013. Plaintiff was a front seat passenger in her vehicle, a 2006 Ford 500, which was being operated by Lawrence McPherson. Plaintiff was traveling west on Fox Run Road in East Hanover Township, Dauphin County, Pennsylvania and was stopped at a stop sign. At the same time, the other defendant, John S. Fritz (hereafter “Mr. Fritz”), was also traveling west on Fox Run Road when he failed to stop and collided into the rear end of plaintiff’s vehicle.
As a result of this collision, plaintiff sustained injuries. Mr. Fritz was allegedly operating his vehicle while intoxicated at the time of the collision and he was charged with DUI. At the time of the accident, plaintiff was insured by defendant which provided uninsured and underinsured motorist benefits. Plaintiff has attempted to contact Mr. Fritz on numerous occasions to determine if there is any insurance coverage which applies to Mr. Fritz regarding this accident. Mr. Fritz has allegedly failed to respond to plaintiff’s inquiries on the matter.
Plaintiff filed the underlying complaint on August 27, 2014. The complaint contains three counts: The first count is a claim against Mr. Fritz for negligence. The second count is a claim against the defendant for uninsured motorist benefits. The third count is a claim against the defendant for underinsured motorist benefits. Plaintiff is seeking monetary relief for personal injuries allegedly sustained from the motor vehicle accident. Plaintiff is also seeking punitive damages against Mr. Fritz for allegedly *28 operating his vehicle while illegally intoxicated at the time of the accident.
DISCUSSION
In their preliminary objections, defendant asserts that the negligence and punitive damages claims filed against Mr. Fritz have been misjoined with the contractual claim for underinsured and/or uninsured motorist benefits filed against defendant in this matter. Preliminaiy objections may be filed by any party to a pleading for failure of a pleading to conform to law or rule of court. Pa. R.C.P. 1028(a)(2). A plaintiff may join as defendants persons against whom the plaintiff asserts any right to relief jointly, or arising out of the same transaction, occurrence, or series of transactions or occurrences if any common question of law or fact affecting the liabilities of all such persons will arise in the action. Pa. R.C.P. 2229(b).
The Pennsylvania Supreme Court’s decision in Insurance Federation of Pennsylvania, Inc. v. Koken, 889 A.2d 550 (Pa. 2005) eliminated the requirement imposed by the Pennsylvania Insurance Department for binding arbitration clauses in uninsured and underinsured motorist insurance contracts. Since that time, decisions of Pennsylvania courts of common pleas are split on the issue of a plaintiff joining the claims against a third-party tortfeasor and the plaintiff’s own uninsured/underinsured motorist carrier in one cause of action, when a single motor vehicle collision is the basis for both claims, Cocuzza v. Castro, No. 406-CV-2012 (Zulick, J.). The majority of common pleas courts that have addressed this issue by preliminary objections have ordered bifurcation; however, *29 a substantial number of courts have declined to bifurcate.[1]
Defendant argues that the negligence and punitive damages claims filed against Mr. Fritz do not arise out of the same transaction, occurrence, or series of occurrences and do not involve common questions of law affecting the liabilities of all such potential defendants. However, the claims against Mr. Fritz for negligence and punitive damages and the claims against defendant for underinsured and uninsured motorist coverage arise out of the same vehicular collision. Both claims seek damages for the same underlying accident and injuries. They arise out of the same event. Thus, the plaintiff may properly join the claims against both the defendant and Mr. Fritz.
Defendant further argues that allowing this case to proceed as it currently stands will raise many issues which could be detrimental and unduly prejudicial to the defendant, Hartford Insurance Company of the Southeast. For example, defendant Hartford cites prejudice of being involved in the same trial as Mr. Fritz, who was allegedly operating his vehicle while intoxicated and in which the plaintiff is seeking punitive damages against Mr. Fritz. The court, in furtherance of convenience or to avoid prejudice, may, on its own motion or on motion of any party, order a separate trial of any cause of action, claim, or counterclaim, set-off, or cross-suit, or of any number of causes of action, claims, counterclaims, set-offs, cross-suits, or issues. Pa. R.C.P. 213(b).
As stated in Cocuzza, in light of the absence of *30 established authority, this court finds allowing the case to proceed through discovery will save judicial resources and avoid unnecessary delay and expense to the parties. After discovery, if it is apparent that keeping the claims joined together will cause undue prejudice to defendant, then the claims can be severed at the time of trial if necessary. Thus, the claims are properly joined at this time and the issue of joinder causing undue prejudice to defendant can be revisited after discovery is complete.
ORDER
And now, this 13th day of January 2015, upon consideration of the preliminary objections of the defendant, Hartford Insurance Company of the Southeast, to plaintiff’s complaint, defendant’s preliminary objections are denied.

. Id., (see the listing of such court opinion is footnote number one of judge Zulick’s opinion in Cocuzza).